Brown *vs.* Greer *et al.*

---

No. 38.—MINOR W. BROWN, plaintiff in error, *vs.* JOHN C. GREER *et al.* defendants.

[1.] When a mortgage of personal property is foreclosed in the summary manner pointed out by the Judiciary Act of 1799, on application to one of the Judges of the Superior Court, or to one of the Justices of the Inferior Court, such mortgage must be foreclosed in the County in which the mortgagor resided at the time of the execution of the mortgage, if resident of this State, as required by the Act of 1839.

Rule, in Hall Superior Court. Decided by Judge JAMES JACKSON. March Term, 1853.

This case came up on the following state of facts: In January, 1852, Lovick P. Thomas, then and now residing in the County of Hall, executed a mortgage on personal property to John C. Greer and others. In May, 1852, one of the mortgagees went before Judge JAMES JACKSON, the Judge of the Superior Courts for the Western Circuit, in which is the County of Hall, and made the affidavit required by law, and obtained a *fiat* directed to the Clerk of the Superior Court of Hall County, to issue execution for the amount due on said mortgage. This affidavit was made and the fiat issued at the residence of Judge JACKSON, in the County of Walton. The papers were then taken to Hall, and the Clerk of the Superior Court issued execution. The property was sold under

the mortgage *fi. fa.* and Minor W. Brown, a judgment credi-
tor, claimed the money, on the ground that the mortgage had
not been foreclosed in Hall County, under the Act of 1839.
On a rule, the Court held, that the mortgage had been proper-
ly foreclosed—to which decision Brown excepted.

PEEPLES, for plaintiff in error.

DOUGHERTY and HULL, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made in this case is, whether the mort-
gage has been foreclosed in the proper County, as required by
the Act of 1839.   The mortgagor, at the time of the execution
of the mortgage, and at the time of the foreclosure, resided
in the County of Hall in this State.

The Act of 21st December, 1839, declares, that all mort-
gages of personal property shall be foreclosed and execution
issue in the County where the mortgagors resided at the time
of the execution of the same, if resident of this State.   *Cobb's
Dig.* 572.   It appears on the face of this record, that the
affidavit and order for the foreclosure of the mortgage was
made in the County of Walton.   The mortgage was, therefore,
foreclosed in a different County than that in which the mort-
gagor resided.   But it is contended, that inasmuch as the mort-
gage was foreclosed before the Judge of the Superior Courts
of the Western Circuit, who had general jurisdiction, and Hall
County being included therein, it was competent for the party
to foreclose the mortgage before him in the County of Walton,
and for him to order the execution to be issued by the Clerk
of the Superior Court of the County of Hall.   Had a bill
been filed against the mortgagor to foreclose this mortgage,
such bill would have been filed in the County of Hall, where
the mortgagor resided.   The 18th section of the Judiciary
Act of 1799 provides a more summary remedy for the fore-
closure of mortgages on personal property, by making appli-

cation to one of the Judges of the Superior Court, or Justices of the Inferior Court, for that purpose. *Cobb's Dig.* 571. The application to foreclose the mortgage is not made to the Superior Court nor to the Inferior Court, but to *one of the Judges* of the Superior Court, or *one of the Justices* of the Inferior Court. Whatever general jurisdiction the Judge of the Superior Court may have and properly exercise throughout the Western Circuit, still, it was competent for the Legislature to prescribe the particular County in which that jurisdiction shall be exercised in regard to the forclosure of mortgages on personal property. The jurisdiction to foreclose mortgages on personal property in a *summary* manner is *specially* given by Statute to *one of the Judges* of the Superior Court, or to *one of the Justices* of the Inferior Court; and the Act of 1839 *imperatively* declares the particular County in which that summary jurisdiction shall be exercised. To hold that a Judge of the Superior Court has jurisdiction to foreclose a mortgage on personal property in the summary manner declared by the 18th section of the Judiciary Act of 1799, in a different County from that in which the mortgagor resided at the time of the execution of the mortgage, would be a *practical* repeal of the second section of the Act of 1839, which this Court cannot legitimately do.

Let the judgment of the Court below be reversed.